UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

SCOTT WOOD
        Plaintiff


v

CITY OF HAVERHILL
CITY OF HAVERHILL POLICE DEPARTMENT,
ANTHONY HAUGH,
ROBERT PISTONE,
TOWN OF WENHAM,
WENHAM POLICE DEPARTMENT,
KEVIN DINAPOLI
        Defendants

**COMPLAINT AND JURY DEMAND**

**Nature of the Case**

1.      This is a civil rights action, breach of contract, wrongful termination, and

defamation action, brought against the Plaintiff's two previous employers the City of

Haverhill Police Department and the Town of Wenham Police Department, after the

Defendants unlawfully based employment decisions upon an unlawful, flawed,

unreliable, and unsubstantiated 2013 background report that the City of Haverhill

agreed to destroy.

2.      The City of Haverhill by and through its agents deliberately and knowingly

breached an agreement to destroy and not disseminate information it improperly

considered during the Plaintiff's 2013 application for employment with the Haverhill

Police Department. Further, the Defendants Anthony Haugh and Robert Pistone, defamed the Plaintiff when they made false and harmful statements about the Plaintiff.'

3.      Both the City of Haverhill Police and the Town of Wenham Police wrongfully terminated the Plaintiff as a result of this erroneous background investigation that was to be destroyed.

4.      The City and Town through their respective agents have caused the Plaintiff to suffer and will continue to suffer without limitation, loss of compensation, benefits, seniority, employment opportunities, damaged his reputation, loss of standing in the community, humiliation, mental pain, anguish, and emotional distress.

**Parties**

5.      The Plaintiff, Scott Wood (hereinafter "Officer Wood" or "Plaintiff"), is an individual who maintains a residence of 93 Lawrence Street, Haverhill, Essex County, Massachusetts.

6.      The Defendant, City of Haverhill (hereinafter "City") is a municipality in the Commonwealth of Massachusetts with its City Hall located at 4 Summer Street, Haverhill, Essex County, Massachusetts.

7.      The Defendant, City of Haverhill Police Department (hereinafter "Haverhill PD"), is a municipal department within Haverhill with an address of 40 Bailey Blvd., Haverhill, Essex County, Massachusetts.

8.      The Defendant, Anthony Haugh (hereinafter "Acting Chief Haugh"), is an individual and agent, at relevant times, of Haverhill and Haverhill PD, and was the

former Chief of Police and maintained a business address of 40 Bailey Blvd., Haverhill, Essex County, Massachusetts.

9.      The Defendant, Robert Pistone (hereinafter "Chief Pistone"), is an individual and agent of Haverhill and Haverhill PD, is the current Chief of Police and maintains a business address of 40 Bailey Blvd., Haverhill, Essex County, Massachusetts.

10.     The Defendant, Town of Wenham (hereinafter "Town") is a municipality in the Commonwealth of Massachusetts with its Town Hall located at 138 Main St, Wenham, Essex County, Massachusetts.

11.     The Defendant, Wenham Police Department (hereinafter "Wenham PD"), is a municipal department within Wenham with an address of 140 Main St, Wenham, Essex County, Massachusetts

12.     The Defendant, Kevin DeNapoli (hereinafter "Chief DiNapoli") is an individual and an agent of the Town of Wenham and Wenham PD, is the current Chief of Police for Wenham and maintains a business address of 140 Main St, Wenham, Essex County, Massachusetts

**Venue**

13.     The court has jurisdiction because this case arises under the laws of the United States and is brought pursuant to a Civil Rights Violation, 42 U.S.C. § 1983, et seq and the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510 et seq..

14.     Venue is proper in the District of Massachusetts because a substantial portion of the acts giving rise to this action occurred here.

**Facts**

15.     In April 2012 Officer Wood, a lifelong resident of the City of Haverhill,

became a candidate for appointment to the Haverhill PD because he was on the top of

the civil service list.

16.     At that time, a background  investigation was performed on him by

retired Deputy Chief Donald Thompson.

17.     As the result of the background investigation, an instant message

conversation from 2008 resurfaced.  It was alleged that Officer Wood used

inappropriate  words in a private conversation;  it further alleged misconduct as an

employee of Merrimack College and Regis College as well as in a class he had taken part

in from the MPTC. Officer Wood denies any inappropriate conversations and any alleged

misconduct during his prior employment. None of the allegations were supported by

evidence.

18.     The City was only in possession of the alleged conversation because of an

unrelated investigation into a former classmate of Officer Wood. Officer Wood was

never questioned at the time that the messages were initially discovered and was never

a subject or suspected of any criminal wrongdoing.

19.     In May 2013, the City and Officer Wood entered into a contract

agreement ("Agreement") where Mr. Wood would withdraw his application for

employment with the Haverhill PD.  In exchange, the City agreed to dispose of all copies

of the background report from Donald Thompson within one year.

20.     The City further agreed that the background report would not be distributed to any third party, nor would the City provide any information about it to any third party unless compelled to do so by a court of law.

21.     Furthermore, the City also agreed that if it was required to produce these documents to a third party as ordered by a judge, Officer Wood would be given two weeks' notice prior to the release.

22.     In May 2013 Mr. Wood was hired by the Wenham Police Department ("Wenham PD") as a reserve Police Officer. Prior to being hired, a full background report was conducted with no issues being found that would prevent him from serving the Town of Wenham

23.     Furthermore, In March 2019 Officer Wood was hired by the Methuen Police Department.  A full background check was conducted at that time with no issues being found that would prevent him from serving the City of Methuen.

24.     In March 2019, Mr. Wood's name came up again for appointment to Haverhill PD as he was at the top of the civil service list. He again applied for the position of Police Officer in the City.

25.     In late 2019, Mayor James Fiorentini petitioned the Haverhill City Council took the extraordinary steps to submit a home rule petition to the State Legislature to allow Officer Wood to be appointed to the Haverhill PD even though he was over the age limit. This passed the City Council and the State Legislature and was signed by Governor Baker on February 14, 2020.

5

26.     In March of 2020, a full and complete background investigation was done and then Chief Alan DeNaro ("Chief DeNaro") recommended Officer Wood's appointment.  At that time, Chief DeNaro stated that there were no areas of concern identified related to Officer Wood's hire.

27.     On October 22, 2020, Officer Wood was appointed and sworn in as a reserve City Police Officer. Mayor Fiorentini was quoted as saying to the local press, "Wood is a great public servant".

28.     As a result of his appointment with the City of Haverhill, Officer Wood resigned his position in Methuen.

29.     In early March 2021, Chief DeNaro offered Officer Wood a full-time position with Haverhill PD. Despite his extensive experience in law enforcement, it was understood and agreed that as part of the offer Officer Wood would attend an upcoming bridge academy to be certified as a full-time police officer.

30.      On March 8th the City of Haverhill  submitted a request to the Municipal Police Training Committee, ("MPTC") for a waiver to allow Mr. Wood to work as a full-time Haverhill  Police Officer. The waiver request was signed by Chief DeNaro and Mayor Fiorentini. The waiver was approved on March 17, 2021, by the MPTC.

31.     On April 22,  2021, Officer Wood was sworn in as a full-time Haverhill Police Officer. That same day a personnel action form was completed moving Officer Wood to full-time status with a weekly starting pay of $1099.36.  This was signed by Mayor Fiorentini, Chief DeNaro and the City of Haverhill's Director of Human Resources, Denise McClanahan.

6

32.     On April 23,  2021, Officer Wood was put on a full-time 4 days on, 2 days off schedule to begin on May 30,2021, per the instructions of Chief Pistone (who at that time was a Captain).

33.     On May 28' 2021, Officer Wood received a phone call from Acting Chief Anthony Haugh ("Chief Haugh"). Chief Denaro was out on medical leave, resulting in Haugh taking over in an acting role.

34.     Acting Chief Haugh stated to Officer Wood that he was supposed to attend a full-time academy and because he had not, Officer Wood had to be taken off the schedule. Chief Haugh said he was going to look further into the situation and get back in touch with Officer Wood.

35.     Officer Wood explained that he would be attending the bridge academy when it was offered, which was going to be later in 2021 and that the City was aware of this when they made his offer of employment.

36.     Thereafter, Officer Wood had no further communication with Chief Haugh until he was asked to meet with him on June 4, 2021.

37.     At that meeting, Acting Chief Haugh  explained to Officer Wood that Haverhill PD would not be honoring the agreement with Chief DeNaro and the City of Haverhill to employ him as a full-time officer and have him attend the bridge academy.

38.     Acting Chief Haugh then asked Officer Wood to attend the full-time MBIA academy in July. Officer Wood explained to him that was not the agreement that he had made with the City when accepting the full- time appointment. Acting Chief Haugh then stated that even though Officer Wood was sworn in and personnel action forms

7

were submitted to the City that the City's Human Resource Director never submitted the documentation to Civil Service. Therefore, Officer Wood was not a full-time officer, but he remained a reserve officer.

39.     Officer Wood was unaware that the City's Human Resource Director never submitted the documentation.

40.     The City and Haverhill PD usurped its power when Acting Chief Haugh revoked Officer Wood's appointment.  Only the Mayor had this ability. At that time, someone with access to the document "whited-out" Officer Wood's appointment to a full-time Police Officer and wrote in pen "Reserve".

41.     After a meeting with Acting Chief Haugh on June 16, 2021, Officer Wood engaged an attorney to communicate with the City and Haverhill PD's attorney honor their agreement and allow Officer Wood to continue to work as a full-time police officer.

42.      On June 17, 2021, Officer Wood requested a copy of his personnel file.

43.     On June 18, 2021, Officer Wood received a call from Deputy Chief Doherty. He stated that Officer Wood needed to return his badge and gun and all Police Department related equipment. Officer Wood asked if he was being suspended or terminated and why, but Deputy Chief Doherty could provide no explanation.

44.     On Saturday June 19, 2021, Mr. Wood received a phone call from Mayor James Fiorentini. Mayor Fiorentini stated that he should not be calling because "their conversation could end in a lawsuit".  Mayor Fiorentini then stated that Acting Chief Haugh had come to his office with a copy of the background report that the City agreed to destroy and threatened to go to the press.

45.    Mayor Fiorentini stated that he did not know how Acting Chief Haugh had found a copy of the background report but that it was the reason that Officer Wood's badge and gun were taken.

46.    Thereafter, during the second week of December of 2021, Officer Wood received a call from current Chief Pistone's Assistant, Wendy Duff requesting that Officer Wood meet with Chief Pistone. Upon his arrival, Chief Pistone was with Deputy Chief Doherty. Chief Pistone stated to that he didn't realize until recently  that Officer Wood was still a member of the Haverhill PD and that he thought Officer Wood had resigned.

47.    To date, Officer Wood has not worked another shift for the Haverhill PD.

48.    At the meeting, Chief Pistone disclosed that someone had leaked that a copy of the 2013 background report existed to the District Attorney's Office, although he could not confirm who leaked it.  Officer Wood showed Chief Pistone the signed agreement between he and the City that the document would be confidential and should have been destroyed.  Chief Pistone stated he would speak with the City's legal counsel.

49.    Chief Pistone then threatened that if Officer Wood resigned from the Haverhill PD, he would not have to turn it over.

50.    Chief Pistone advised Officer Wood to think over these options and get back to him.

51.    On December 23, 2021, Officer Wood's attorney communicated with the City's outside counsel putting the City on notice that it and the Haverhill PD were interfering with Officer Wood's ability to work as a Police Officer and that the City and

the Haverhill PD, through the actions of Chief Haugh and Chief Pistone were violating the agreement between the parties with respect to the background report.

52.     As the result of Officer Wood hiring counsel to put Haverhill and the Haverhill Police Department on notice of his impending legal claims, Haverhill and the Haverhill PD terminated Officer Wood's employment, given that he has not worked a single shift since he was asked to return his badge and gun.

53.     Officer Wood received no substantive response at that time.

54.     However, in a document authored by Captain Megan J. Pare ("Captain Pare") dated February 15, 2022, it was revealed that she was ordered to investigate Officer Scott's "background discrepancy" from 2013 by then Deputy Chief Donald Thompson. According to her report she was ordered to begin her investigation on December 27, 2021.

55.     It appears that Captain Pare's investigation is neither a pre-employment background check as it began after Officer Wood had been hired, nor an Internal Affairs ("IA") Investigation as Officer Wood was never informed that he was under an IA investigation as required by department policy.

56.     In her February 15, 2022, report, Captain Pare discusses her investigation with numerous colleagues of Officer Woods'.  Within her investigation, it is admitted that Detective John Moses, who was retired at the time, distributed the confidential background report (which should have been destroyed at that point) to Captain Pare.

57.     Captain Pare then reiterated the contents of confidential background report, summarized the text messages (which should have been destroyed) and

attached them as an Exhibit to her report – republishing in yet another forum the confidential documents which should have been destroyed.

58.     Captain Pare's report also discusses, and publishes, information about Officer Woods' psych evaluations which he did not authorize the disclosure of.

59.     Defendants, through counsel, have acknowledged that the reason Officer Wood is no longer working for the Haverhill PD is because of the report written by Captain Pare on the confidential background report that should have been destroyed.

60.     Then, in May 2022 Mayor Fiorentini acknowledged to Officer Wood that he wanted to sort the issue out but, at that time, the City and Haverhill PD did not offer Officer Wood any type of solution to resolve the issue.

61.     Having heard nothing further, on September 29, 2022, Officer Wood's attorney requested Officer Wood's updated personnel file.

62.     Contained within the personnel file that the City produced was the new report written by Captain Pare dated February 15, 2022. As a result, the City and the Haverhill PD continued to knowingly distribute the background report that was contractually agreed to have been destroyed in 2013.

63.     On December 2, 2022, Officer Wood was called into Wenham PD's Police Chief, Kevin DiNapoli's office.  Also present at that meeting was Deputy Chief Jason Lucontoni.

64.     Officer Wood was told that he was being put on administrative leave and that his badge and gun were being taken. Wenham informed Officer Wood that they were doing so, despite the fact that he had not violated any departmental policy.

65.     Officer Wood was informed that he was not the subject of a Wenham PD investigation, but that another law enforcement agency had contacted the District Attorney's office with information that, on information and belief, was related to the background report that should have been destroyed in 2013.

66.     Officer Wood was told that Wenham and the Wenham PD could provide no further information at the time.

67.     Thereafter, Officer Wood again hired counsel to communicate with Wenham and the Wenham PD that his legal rights were being violated, similar to what he had done with counsel with respect to Haverhill and the Haverhill PD's actions.

68.     Soon after retaining private counsel, counsel for the Town of Wenham and Wenham PD informed Officer Wood through his attorney that the Town would be terminating his employment.

69.     These comments were made before Officer Wood was formally placed under IA investigation.

70.     Counsel for Wenham and Wenham PD informed Officer Wood's counsel that if he disagreed with the decision to terminate, he could appeal to the Town Selectboard.

71.     On January 30, 2023, Officer Wood received a notice that he was being formally investigated by the Wenham PD, through an IA investigation.

72.     On June 7,2023 as a result of the unsubstantiated claims from Haverhill and Haverhill PD and the Internal Affairs investigation, Wenham PD chose not to renew Officer Wood's contract.

73.     As a result of the decision not to renew his contract, Officer Wood was never given a chance to appeal the decision to separate his employment to the Town Selectboard.

74.     In addition to the Wenham PD investigation, Officer Wood learned that he was erroneously placed on the Brady List in December 2022 due to the City, the Town and both Haverhill and / or Wenham PD's disclosure to the District Attorney of the existence of the 2013 background report.

75.     At all relevant times, the Defendants Haverhill, Haverhill PD, Chief Haugh and Pistone ("collectively "Haverhill Defendants") were aware of their obligations under the Agreement and blatantly disregarded said obligations.

76.     As the direct result of the Haverhill Defendants violating their obligations under the Agreement, Officer Wood was placed under an IA investigation by the Town of Wenham and the Wenham Police Department, and ultimately terminated from employment by the Town.

77.     The Town then went on to publicly disclose the investigation when the Town disclosed to the Boston Globe that Wood had not notified the Wenham Police about facing a firing from Merrimack College, and released additional content from the confidential 2013 background report.

78.     The public comments made to the Boston Globe by the Wenham investigator were untrue.

79.     Furthermore, at all times, Plaintiff was a municipal employee and was considered a civil service employee under the Massachusetts civil service merit system

in accordance with Civil Service Law, Chapter 31 and the Massachusetts Personnel

Administrative Rules.

80.     Pursuant to the Civil Service Law and / or the Massachusetts Personnel

Administrative Rules Plaintiff was entitled to due process, including hearings, before

being suspended, terminated or otherwise having his employment materially altered.

81.     Defendant failed to notify Plaintiff and / or to conduct any hearing prior

to altering the terms and conditions of his employment with Defendants.

**Cause of Action**
(Each Count Incorporates Therein
All Of The Paragraphs Set Forth, Hereinabove.)
**Count I:**
**BREACH OF CONTRACT**

82.     This is a cause of action by the Plaintiff against Defendants City of

Haverhill, Haverhill PD, Anthony Haugh and Robert Pistone for breach of contract.

83.     A binding and enforceable agreement, with consideration, existed

between the Plaintiff and the Defendants.

84.     The Defendants were contractually bound to destroy and / or not to

distribute the 2013 background report concerning Plaintiff.

85.     Defendants failed to destroy the report as agreed, and as alleged above

distributed the contents of the report.

86.     The Defendants were contractually obligated to provide notice to Plaintiff

in the event they were forced to disclose the report prior to its destruction.

87.     Defendants failed to provide notice to the Plaintiff prior to its disclosure.

88.     Plaintiff also had a contract pursuant to a collective bargaining

agreement and / or Massachusetts State Civil Service law.

89.     The Defendants violated the terms of Plaintiff's collective bargaining

agreement and / or the terms of Plaintiff's employment pursuant to the Massachusetts

State Civil Service law.

90.     The material breach by the Defendants of the terms of the contract(s)

have caused the Plaintiff harm.

91.     As a result, the Plaintiff has and will continue to suffer damages.

**Count II:**
**INTENTIONAL INTERFERENCE WITH ADVANTAGEOUS BUSINESS RELATIONS**

92.     This is a cause of action against Defendants Anthony Haugh and Robert

Pistone for interference with advantageous business relations.

93.     Plaintiff had an advantageous relationship with the Town of Wenham and

the Town of Wenham PD while working there as a police officer.

94.     Officer Wood had no prior disciplinary issues with the Town of Wenham

and Wenham PD.

95.     The Defendants Anthony Haugh and Robert Pistone, with malice and

through improper motives and / or through the use of improper means, intentionally

interfered with Plaintiff's advantageous / contractual relationship with the Town of

Wenham and the Town of Wenham PD in an effort to get him terminated.

96.     As a result of the Defendants' conduct, the Plaintiff has and will continue

to suffer damages.

**Count III:**
**DEFAMATION**

97.     This is a cause of action against Anthony Haugh, Robert Pistone, and the Town of Wenham Police Department for defamation.

98.     Defendants made and distributed knowingly false, harmful statements about Plaintiff's character to others, including the Town of Wenham, and members of the press.

99.     Anthony Haugh and Robert Pistone, distributed the false information contained in the 2013 background report in an effort to destroy Wood's reputation.

100.     Both Defendants had reason to believe this information was false as former Chief DeNaro their immediate predecessor, had at the time and reaffirmed since that the 2013 background report was inaccurate.

101.     Further, a yet unidentified representative of the Town of Wenham, though presumed to be the Chief of Police, made false statements regarding Officer Woods' employment record, claiming he had not disclosed facing a firing from Merrimack College. Wood never faced termination while working for Merrimack College.

102.     At the time the Defendants made the false and harmful statements, the Defendants knew that the statements were harmful and untrue.

103.     As the result of the statements being made and distributed to others, Plaintiff's character and reputation has been harmed.

104.    As the result of the statements made by Haugh and Pistone being made to others, Plaintiff's character and reputation has been harmed which directly resulted in the loss of employment opportunities with the Town of Wenham and the Town of Wenham PD.

105.    As a result of the false statements made by the Wenham Investigator, Wood has suffered damages to his reputation, and has limited his ability to continue work as a police officer.

106.    As a result of the Defendants' conduct, the Plaintiff has and will continue to suffer damages.

## Count IV:
## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

107.    This is a cause of action by the Plaintiff against all Defendants.

108.    After Plaintiff hired legal counsel in matters involving all Defendants and asserted his legal claims, the Defendants terminated Plaintiff's employment.

109.    Despite a protected right to obtain counsel, and exercise his rights under law, and the Cities and Towns procedures, both the City and Town retaliated against Wood, by immediately removing him from duty and ultimately terminating him.

110.    As a result of the Defendants' conduct, the Plaintiff has and will continue to suffer damages.

## Count V:
## VIOLATION OF M.G.L. c. 31 sec. 1 et esq.

111.    This is a cause of action by the Plaintiff against all Defendants.

112.     At all times, Plaintiff was a municipal employee and was considered a civil service employee under the Massachusetts civil service merit system in accordance with Civil Service Law, Chapter 31 and the Massachusetts Personnel Administrative Rules.

113.     Pursuant to the Civil Service Law and / or the Massachusetts Personnel Administrative Rules, the Plaintiff was entitled to due process, including hearings, before being suspended, terminated or otherwise having his employment materially altered.

114.     Defendants failed to notify Plaintiff and / or to conduct any hearing prior to altering the terms and conditions of his employment with Defendants.

115.     As a result of the Defendants' conduct, the Plaintiff has suffered damages.

**Count VI:**
**VIOLATION OF 42 U.S.C. § 1983 CIVIL RIGHTS VIOLATION**

116.     This is a cause of action by the Plaintiff against all Defendants.

117.     At all times, the Defendants acted under color of state law with respect to their policies, practices, and conduct (including intentional conduct) concerning the implementation of background checks and the continued use of the 2013 background report in their employment decisions.

118.     Such conduct deprived the Plaintiff, of his exercise and enjoyment of rights secured by the constitution and law of the United States, including but not limited to the first, fourth, and fourteenth amendments and the constitution and laws of the Commonwealth.

119.    As alleged above, the Defendants' policies, customs, practices, and conduct have, among other things, damaged the good name, reputations, honor, and integrity of the Plaintiff; lowered the Plaintiff's standing in the community; deprived the Plaintiff of employment and related compensation and benefits; and foreclosed employment opportunities for the Plaintiff.

**Count VII:**
**VIOLATION OF 42 U.S.C. § 1985**

120.    This is a cause of action by the Plaintiff against all Defendants.

121.    At all times, the Defendants acted under the color of state law with respect to their policies, practices and conduct (including intentional conduct) concerning the implementation of background checks and use of them in employment decisions.

122.    Defendants conspired to deprive the Plaintiff Such conduct deprived the Plaintiff, of his exercise and enjoyment of rights secured by the constitution and law of the United States, including but not limited to the first, fourth, and fourteenth amendments and the constitution and laws of the Commonwealth.

123.    Defendants conspired to deprive the Plaintiff Such conduct deprived the Plaintiff of his exercise and discharge of his duties for the City of Haverhill and Town of Wenham.

124.    As a result, the Defendants damaged the good name, reputations, honor, and integrity of the Plaintiff; lowered the Plaintiff's standing in the community; deprived

the Plaintiff of employment and related compensation and benefits; and foreclosed

employment opportunities for the Plaintiff.

**Count VIII:**
**Violation of MGL c.214, § 1B**

125.    This a cause of action against all defendants

126.    By publicly disclosing the contents of the background investigation the Haverhill

Defendants unreasonably and substantially interfered with Officer Wood's

privacy rights in violation of MGL c.214, § 1B.

127.    The Haverhill Defendants disclosure was unreasonable as there was no

legitimate need to disclose the report, especially where the City had agreed to

destroy the report.

128.    The Defendant's disclosed facts personal in and that were not in the public

domain.

129.    The report also contained defamatory allegations, known by the Defendants to

be false.

130.    As result of the Defendants disclosure and invasion of Officer Woods privacy

Officer Wood was subject to an investigation by the Town of Wenham PD

ultimately costing him his job.

131.    The Wenham Defendants also unreasonably and substantially interfered with

Officer Wood's privacy when they too disclosed the report to the public domain.

132.    Likewise there was no legitimate need to disclose the report which contained

personal information not in the public domain.

133.    As a result of all of the Defendant's conduct, Officer Wood has and will continue
to suffer damages.

**Count IX**
**Violations of Title I the Electronic Communications Privacy Act, 18 U.S.C. §§**
**2510 et seq.**

134.    This is a cause of action against the City of Haverhill and Haverhill PD.

135.    Section 2511 of Title I of the ECPA provides in part: Except as otherwise
specifically provided in this chapter any person who - (a) intentionally
intercepts, endeavors to intercept, or procures any other person to intercept or
endeavor to intercept, any wire, oral, or electronic communication ...shall be
punished as provided in subsection (4) or shall be subject to suit as provided in
subsection (5).

136.    Section 2520(a) of the ECPA provides that "[e]xcept as provided in section
2511(2)(a)(ii), any person whose wire, oral, or electronic communication is
intercepted, disclosed, or intentionally used in violation of this chapter may in a
civil action recover from the person or entity, other than the United States,
which engaged in that violation such relief as may be appropriate."

137.    The City of Haverhill and Haverhill PD disclosed electronic communications in
their release of the 2013 background report.

138.    The City of Haverhill and Haverhill PD disclosure was intentional, knowing, and
willful.

139.    As a result, Officer Wood has and will continue to suffer damages.

**Request for Relief**

WHEREFORE, the Plaintiff hereby requests that this Honorable Court grant the

following relief:

1.  Judgment against the Defendants, jointly and severally;

2.  An award of back pay and front pay;

3.  A return to his positions with all benefits and seniority;

4.  Attorney's fees, costs and expert witness fees;

5.  Compensatory damages for emotional distress;

6.  Punitive damages;

7.  Pre-Judgment and Post-Judgment Interest, and

8.  Such other relief as the Court deems just and fair.

**Jury Demand**

Plaintiff demands a trial by jury on all issues so triable.

> Respectfully submitted,
>
> Plaintiff,
> Scott Wood,
> By counsel,
>
> _/s/ Sean R. Cronin_
> Sean R. Cronin (BBO #692257)
> CRONIN LAW PC
> 108 Waldemar Ave
> East Boston, MA 02128
> (617) 213-6883
> Sean@croninlawpc.com

October 13, 2023