UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO. 1:23-cv-12377-IT

| | |
|---|---|
| SCOTT WOOD,<br><br>    Plaintiff<br><br>v.<br><br>CITY OF HAVERHILL, CITY OF HAVERHILL POLICE DEPARTMENT, ANTHONY HAUGH, ROBERT PISTONE, TOWN OF WENHAM, WENHAM POLICE DEPARTMENT, KEVIN DINAPOLI,<br><br>    Defendants | DEFENDANTS CITY OF HAVERHILL, CITY OF HAVERHILL POLICE DEPARTMENT, ANTHONY HAUGH, and ROBERT PISTONE'S<br>MOTION TO DISMISS<br>PLAINTIFF'S COMPLAINT<br><br>Leave to File Granted on December 27, 2023 |

Plaintiff's Complaint arises from a background investigation conducted into Plaintiff when he applied to be a Police Officer with the City of Haverhill in 2012. As a result of the information learned from the background investigation, the Plaintiff and the City of Haverhill entered into a Memorandum of Understanding ("MOU") whereby Plaintiff agreed to withdraw his application for employment with the Haverhill Police Department, and in exchange, the City of Haverhill agreed that: records related to Plaintiff's application for employment would be disposed of pursuant to the Municipal Records Retention Schedule established by the Supervisor of Public Records for the Commonwealth of Massachusetts; if information related to Plaintiff was required to be produced for any reason, that Plaintiff would be given at least two weeks prior notice of the release; and to the degree allowed by law, that the MOU and the circumstances surrounding the creation of the MOU would remain confidential.

In his Complaint, Plaintiff alleges that Defendants City of Haverhill (the "City"), the Haverhill Police Department (the "Police Department"), former Acting Police Chief Anthony

Haugh ("Acting Chief"), and current Police Chief Robert Pistone ("Chief") (collectively the "Haverhill Defendants") violated the MOU with respect to the 2013 background report. Plaintiff asserts nine counts against one or more of the Haverhill Defendants including claims for: 1) Breach of Contract against all Haverhill Defendants (Count I); 2) Intentional Interference with Advantageous Business Relations against the Acting Chief and Chief (Count II); 3) Defamation against the Acting Chief and Chief (Count III); 4) Wrongful Termination in Violation of Public Policy against all Haverhill Defendants (Count IV); 5) Violation of G.L. c. 31, § 1 et. seq. against all Haverhill Defendants; 6) Violation of 42 U.S.C. § 1983 against all Haverhill Defendants (Count VI); 7) Violation of 42 U.S.C. § 1985 against all Haverhill Defendants (Count VII); 8) Violation of G.L. c. 214, § 1B against all Haverhill Defendants; and 9) Violation of Title I the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510 et seq. (Count IX).

All of Plaintiff's claims against the Haverhill Defendants must be dismissed. First, Plaintiff's breach of contract claim based on the 2013 MOU must be dismissed because even if the records related to the 2013 investigation into Plaintiff's background had been destroyed, the information learned from that background investigation was still known by the Haverhill Defendants, who were obligated by law to disclose the potentially exculpatory information about Plaintiff to the District Attorney's Office when Plaintiff was appointed as a Reserve Police Officer by the City of Haverhill. Second, Plaintiff's wrongful termination claim must be dismissed because not only was Plaintiff not terminated, but Plaintiff by his own admission did not attend a full-time Police Academy, a prerequisite for Plaintiff to work as a Police Officer in the Commonwealth of Massachusetts, in any capacity, as a result of the so-called "Police Reform" Act. Third, insofar as Plaintiff believes he was terminated from his employment and believes that he was considered to be a civil service employee, Plaintiff failed to exhaust his administrative

remedy afforded him because he did avail himself of the grievance process afforded under the collective bargaining agreement nor did he appeal his termination to the Civil Service Commission under G.L. c. 31. Fourth, Plaintiff cannot prevail on his defamation claim, not only because Plaintiff does not identify a statement made by the Haverhill Defendants that he is claiming is false, but also because while Plaintiff objects to the Haverhill Defendants informing the District Attorney's Office of the potentially exculpatory information about him, the information provided to the District Attorney's Office is true and the Haverhill Defendants' statements to the District Attorney's Office are subject to the conditional privilege.  It was not the Haverhill Defendants who unnecessarily, unreasonably, or excessively published unidentified statements about the 2013 background investigation to which Plaintiff objects, but Plaintiff when he filed his lawsuit and spoke to the press.

    For the reasons set forth above and in more detail in the accompanying memorandum of law, the Haverhill Defendants respectfully request that this Court dismiss all of the Plaintiff's claims against the Haverhill Defendants.

                                    Respectfully Submitted,

                                    DEFENDANTS
CITY OF HAVERHILL, ANTHONY HAUGH AND ROBERT PISTONE,
By their attorneys,

/s/ Deborah I. Ecker
Deborah I. Ecker (BBO# 554623)
KP Law, PC
101 Arch Street, 12th Floor
Boston, MA 02110-1109
(617) 556-0007
decker@k-plaw.com

Dated:  December 29, 2023

896805/60700/1197

**Certificate Of Compliance With L.R. 7.1(A)(2)**

Pursuant to Local Rule 7.1(A)(2) of the United States District Court for the District of Massachusetts, I hereby certify that I spoke with Plaintiff's Counsel on December 22, 2023, and he did not assent to the Defendants' Motion to Dismiss Plaintiff's Complaint.

*/s/ Deborah J. Ecker*
Deborah I. Ecker, Esq.

**CERTIFICATE OF SERVICE**

I, Deborah I. Ecker, hereby certify that on the below date, I served a copy of the foregoing *Defendants City of Haverhill, City of Haverhill Police Department, Anthony Haugh, And Robert Pistone's Motion to Dismiss Plaintiff's Complaint,* by electronic mail and first-class mail, postage prepaid, to the following counsel of record:

Dated:  December  29, 2023

*/s/ Deborah J. Ecker*
Deborah I. Ecker, Esq.