UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO. 1:23-cv-12377-IT

SCOTT WOOD,

     Plaintiff

v.

CITY OF HAVERHILL, CITY OF
HAVERHILL POLICE DEPARTMENT,
ANTHONY HAUGH, ROBERT PISTONE,
TOWN OF WENHAM, WENHAM POLICE
DEPARTMENT, KEVIN DINAPOLI,

     Defendants

DEFENDANTS CITY OF HAVERHILL,
CITY OF HAVERHILL POLICE
DEPARTMENT, ANTHONY HAUGH, and
ROBERT PISTONE'S
<u>MOTION FOR SUMMARY JUDGMENT</u>

Plaintiff's Complaint arises from a background investigation conducted into Plaintiff when he applied to be a Police Officer with the City of Haverhill in 2012. As a result of the information learned from the background investigation, the Plaintiff and the City Solicitor for the City of Haverhill executed a Memorandum Of Understanding ("MOU") in which Defendant City of Haverhill (the "City") agreed among other things to dispose of any records related to Plaintiff's application for employment and/or background investigation unless necessary for a specific business purpose or unless compelled to do so by a court of law and agreed to keep the MOU confidential. Plaintiff did not provide the City with any consideration in exchange for the City's agreement to dispose of the records. In his Complaint, Plaintiff alleges that Defendants City of Haverhill, the Haverhill Police Department (the "Police Department") - which is not a separate legal entity from the City, Anthony Haugh ("Haugh" or "Acting Chief") and Robert Pistone ("Pistone" or "Chief") (collectively the "Haverhill Defendants") violated the MOU with respect to the 2013 background investigation report ("2013 Report"). Plaintiff asserted nine counts against one or more of the Haverhill Defendants. Following the Haverhill Defendants' Motion to Dismiss

the following claims remain: 1) Breach of Contract against the City (Count I); 2) Intentional Interference with Advantageous Business Relations against the Acting Chief and Chief (Count II); 3) Defamation against the Acting Chief and Chief (Count III); and 4) Violation of G.L. c. 214, § 1B against all Haverhill Defendants (Count VIII).

Based on the undisputed material facts, all of Plaintiff's claims against the Haverhill Defendants must be dismissed. First, Plaintiff's breach of contract claim based on the MOU must be dismissed because the MOU is not an enforceable contract. Not only does the City Solicitor not have the authority to bind the City, but Plaintiff did not provide the City with any consideration for entering into the MOU. Regardless of the MOU's enforceability, Plaintiff's breach of contract claim fails because even if the records related to the 2013 investigation into Plaintiff's background had been destroyed, at least a portion of the information learned from that background investigation was still known by Defendants, specifically the Chief and Acting Chief, who were obligated by law to disclose the potentially exculpatory information about Plaintiff to the District Attorney ("DA") and to the Massachusetts Peace Officer Standards Training Commission ("POST"). The Chief's relaying of the information to the DA and to POST did not breach the MOU.

Second, Plaintiff's claim for the intentional interference with business relations against the Chief and Acting Chief fails because there is no evidence that what the Chief and Acting Chief did regarding the 2013 Report was improper in motive or means or was done with actual malice. Instead, the Chief in good faith in accordance with the law, provided a summary of the 2013 Report and a report prepared by Captain Meaghan Pare (the "Pare Report") corroborating most of what was included in the 2013 Report to the DA and POST.  Third, Plaintiff cannot prevail on his defamation claim against the Chief and Acting Chief which is based on the Chief's release of the

2013 Report and the Pare Report to the DA and to POST because Plaintiff has not provided evidence that what was contained in the reports was false or that Defendants unnecessarily, unreasonably, or excessively published the statements to which Plaintiff objects. Instead, it was Plaintiff who filed this lawsuit and spoke to the press when he was a candidate for Mayor, presumably knowing that not only the Chief and Acting Chief, but other current and former Members of the Police Department were aware of the prior background investigation and that the information learned from that investigation may become public. Fourth, Plaintiff will not be able to prevail on his claims against the Chief and Acting Chief because the Chief's actions in disclosing the information to the DA and POST are subject to the conditional privilege.

Finally, Plaintiff's claim for invasion of privacy brought pursuant to G.L. c. 214 fails because the Haverhill Defendants acted for a legitimate purpose in providing the information to the DA and POST and their actions were not unreasonable.  Rather than simply turn over the summary of the 2013 Report, when Plaintiff was adamant that the report contained "all lies," the Chief, in fairness to the Plaintiff, had Captain Pare fact check the 2013 Report and only after the contents were substantially corroborated, did the Chief provide copies of both reports to the DA and POST as required by law.

For the reasons set forth above and in the accompanying memorandum of law, the Haverhill Defendants respectfully request that this honorable Court grant the Haverhill Defendants' Motion for Summary Judgment, dismiss Plaintiff's Complaint and enter judgment in the Haverhill Defendants favor on all claims brought against them.

Respectfully Submitted,

DEFENDANTS
CITY OF HAVERHILL, et al.
By their attorney,

Deborah I. Ecker (BBO# 554623)
KP Law, PC
101 Arch Street, 12th Floor
Boston, MA 02110-1109
(617) 556-0007
decker@k-plaw.com

Dated: April 13, 2026

1028494/60700/1197

## CERTIFICATE OF COMPLIANCE WITH L.R. 7.1(A)(2)

Pursuant to Local Rule 7.1(A)(2) of the United State District Court for the District of Massachusetts, I hereby certify that a status conference was held on February 5, 2026 during which the Motion for Summary Judgment was discuss and I emailed Plaintiff's Counsel with respect to the summary judgment motion on April 8th and 9th , 2026.

/s/ Deborah I. Ecker

CERTIFICATE OF SERVICE

I, Deborah I. Ecker, hereby certify that on the below date, I served a copy of the foregoing *Defendants City of Haverhill, City of Haverhill Police Department, Anthony Haugh, and Robert Pistone's Motion for Summary Judgment,* by electronic mail to the following counsel of record:

Sean R. Cronin, Esq.
CRONIN LAW P.C.
108 Waldemar Avenue
East Boston, Massachusetts 02128
sean@croninlawpc.com
*Counsel of Record for Plaintiff*

Leonard H. Kesten, Esq.
Brody, Hardoon, Perkins & Kesten, LLP
265 Franklin Street, Ste 12th Floor
Boston, MA 02110
lkesten@bhpklaw.com
*Counsel of Record for Town of Wenham, Wenham Police Department, Kevin DiNapoli*

Dated:  April 13, 2026

_____
Deborah I. Ecker, Esq.